UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES *ex rel* LISA RUSCO,

    Plaintiff(s),

    v.

SUTTER HEALTH,

    Defendant(s).
_____/

No. C 11-2522 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendant Sutter Health's motion to dismiss came on for hearing before this court on November 14, 2012. Plaintiff-relator Lisa Rusco ("plaintiff") appeared through her counsel, Matthew Carlson. Defendant Sutter Heath ("defendant") appeared through its counsel, Katherine Lauer. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to dismiss plaintiff's complaint under Rule 12(b)(6), Rule 9(b), and Rule 12(b)(5), for the reasons stated at the hearing and as follows.

    In her opposition to the motion, plaintiff made clear that defendant's alleged violations of the False Claims Act ("FCA") are based on an "express certification" theory; specifically, that defendant made false certifications on certain CMS-1500 reimbursement forms sent to the government. However, plaintiff's complaint contains no reference to this theory or to the CMS-1500 form, and instead bases its FCA allegations solely on defendant's alleged violations of California state law. Plaintiff now concedes that these alleged state law violations do not create FCA liability, and indicates that she now intends to proceed solely under the "express certification" theory. In its current state, the complaint does not state a claim under the "express certification" theory, and is thus DISMISSED under Rule 12(b)(6). Plaintiff shall be granted leave to amend, except as to her third cause of action for "conspiracy," which she agrees to dismiss with prejudice.

The court finds two additional bases for dismissal. First, because plaintiff's complaint contains no mention of the "express certification" theory, it necessarily cannot meet the heightened pleading standard of Rule 9(b), and is thus dismissed for that reason as well. Also, plaintiff has offered no explanation for why she waited over one year after the complaint was unsealed to effect service on defendant. Thus, Rule 12(b)(5) provides independent grounds for dismissal of the complaint.

Plaintiff shall have until December 12, 2012 to file an amended complaint. No new claims or parties may be added without leave of court. After the complaint is served, defendant shall have 28 days to answer or otherwise respond to the complaint.

Finally, because the court did not find it necessary to consider the materials in defendant's request for judicial notice, the request is hereby DENIED.

**IT IS SO ORDERED**.

Dated: November 15, 2012

PHYLLIS J. HAMILTON
United States District Judge